**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MOSHE TAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-11-0944-HE |
| | ) | |
| AMERICAN EXPRESS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff sued American Express Company ("AmEx") in state court, alleging he sustained damages as a result of defendant's bad faith banking practices and fraudulent conduct.  His claims arise from his and his wife's use of two credit cards he asserts were issued by AmEx and his subsequent settlement negotiations as to balances due on those cards.  AmEx removed the action to federal court and filed a motion to substitute American Express Bank, F.S.B. ("AmEx Bank") as the proper party defendant.  AmEx contends that AmEx Bank "was and is the issuer and holder of the credit accounts identified in Plaintiff's Petition."  Doc. #5, p. 1.

Plaintiff opposes the requested substitution.  He asserts that AmEx has offered no documentation supporting its claim that AmEx Bank is the proper party defendant.  He also argues that he has had no communications or dealings with AmEx Bank, that he has dealt exclusively with AmEx.  AmEx filed a reply brief and attached a copy of an agreement between Delta SkyMiles® Credit Cardmember and American Express Bank, FSB, which indicates that AmEx Bank, not AmEx, issued the credit cards to plaintiff.  AmEx asserts that

it is the parent company of American Express Travel Related Services Company, Inc., which is the parent company of AmEx Bank.

It appears that the credit cards involved here[1] were likely issued by AmEx Bank, though AmEx's submissions are not necessarily conclusive as to that issue. The copy of the agreement it relies on is unauthenticated, and there is no evidence that plaintiff received, or was a party to, such agreement. That circumstance would arguably justify denying the motion to substitute. However, in the circumstances existing here, the court concludes the most appropriate course of action — based on practical as much as legal considerations — is to permit the substitution.

Plaintiff maintains he is proceeding pro se. Although the nature of plaintiff's submissions suggests he has had the assistance of a lawyer in preparing his pleadings, the court assumes at this point that plaintiff's pro se status is accurate and notes the potential difficulty of expecting a pro se plaintiff to pursue claims which may depend on involved issues of agency — is the person who answers an 800 number or otherwise deals with someone like plaintiff on behalf of "American Express" or one of its departments acting on behalf of AmEx or AmEx Bank or some other entity in the defendant's corporate structure? If the plaintiff pursues his case with a particular view of those "agency" or "proper defendant" issues that proves to be wrong, then he could lose without ever reaching the

---

[1]*Plaintiff's claims are based on two credit cards, one issued to him and another which he alleges was issued to him and his wife jointly. Defendant appears to dispute that the second card was issued to both plaintiff and his wife. See defendant's reply, p. 2 n.1.*

substance of his claims against the proper party, presumably the card issuer.  If, on the other hand, AmEx Bank is substituted here, there is no reason to assume that complete relief could not be afforded plaintiff if his claims are ultimately determined to have merit.  The substitution thus appears most likely to lead to a real resolution of the issues in controversy without unnecessarily devoting the parties' time and resources to what is likely a peripheral battle.  The court concludes the requested substitution of parties should be permitted, but subject to revisiting that decision if it should prove to disadvantage plaintiff in the pursuit of his underlying claims.[2]

As noted above, plaintiff indicates he is proceeding *pro se* in this lawsuit.  From the nature of the pleadings plaintiff has filed, the court concludes they were likely drafted by an attorney rather than by plaintiff acting on his own behalf.  The use of ghostwritten pleadings raises both ethical and legal issues which require a determination of who actually prepared the indicated pleading.  *See* Duran v. Carris, 238 F.3d 1268, 1272-73 (10th Cir. 2001).  Plaintiff is directed to file an affidavit with the court stating either that the pleadings, including the petition and response to the motion to substitute, were filed without the assistance of counsel or, if they were drafted with the assistance of counsel, the name and address of the counsel providing the assistance.  No such affidavit need be filed if an entry of appearance is filed by counsel for plaintiff in the meantime.

For the reasons stated, defendant's motion to substitute parties [Doc. #5] is

---

[2]*In such event, the court would anticipate shifting the related costs to defendant.*

**GRANTED**.  This case shall proceed with American Express Bank, F.S.B. as defendant.

Plaintiff is directed to file the referenced affidavit by **February 3, 2012**.

**IT IS SO ORDERED**.

Dated this 24th day of January, 2012.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE